# SPRING SESSIONS,

## 1907.

### STATE vs. HARRY C. SOUTHARD.

*Criminal Law—Indictment—Obstructing a Public Road—Dedication of a Street—Statute—Making and Recording Plot—Showing Lots and Streets—Conveying Lot After Dedication; Effect of—Use of Street for Twenty Years.*

1. *Section* 1. *Chap.* 60, *Rev. Code* 491, which provides that "all public roads, causeways, and bridges heretofore laid out as such, or made by lawful authority, or which have been used as such, and maintained at the public charge for twenty years, are declared to be common highways," does not apply to a road laid out since the passage of the act. It was intended to be descriptive of public highways existing at the time of its enactment, and a modification of the common law respecting roads claimed to be such by the indulgence of land owners, so as to prevent forfeiture of their lands.

2. No particular form or ceremony is necessary in the dedication of land to public use, if the assent of the owner of the land be shown, and the fact of use for the purposes intended by the dedication. If the owner of land lay out a town and put a plot or plan of the streets on record, or exhibit such plot and sell lots, it is evidence of actual dedication of such streets to public use.

3. If there was an actual dedication of the street to public use, according to the plan, before the sale of a lot which included the street, the purchaser of the lot took title subject to such dedication; and the fact that persons used the street, rightfully or wrongfully for the purpose of dropping logs etc. to be loaded in the cars, is immaterial.

4. The public acquires the right to the use of a road or street over private property by any use of it as a road or street, accompanied by proof of actual dedication; and the making of improvements by the owner, tending to carry out the plan of a plot on which are designated lots and streets, are evidences of an actual dedication.

5. If there was an actual dedication of the street to public use, and likewise the use of it by the public as a street or if the public had an un-

interrupted use of the street as a public highway for twenty years, such use is evidence of a grant or dedication.

(*April* 4, 1907.)

JUDGES SPRUANCE and BOYCE sitting.

*Robert H. Richards*, Attorney-General, for the State.

*Robert C. White* and *A. F. Polk* for the defendant.

Court of General Sessions, Sussex County, April Term, 1907.

INDICTMENT for obstructing a public road.

See facts in charge of Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—Harry C. Southard, the defendant, is charged with obstructing a public road, known as Front Street or Railroad Avenue, in Lincoln City, this County, on the first day of March, A. D. 1906, and on divers other days, by erecting a fence in said road, or street between Johnson and Greenley Avenues. The indietment was found under *Chap.* 60, *Sec.* 31 *Page* 501, *Revised Code* (1893), which reads: "If any person shall encroach upon, obstruct, or commit any nuisance in a public road, etc., he shall be deemed guilty of a misdemeanor."

The time of the alleged commission of the offense, as laid in the indictment, is not material. If the offense was committed at any other time within two years immediately before the finding of the indictment, it is sufficient.

The placing of a fence across a public road, or street, would constitute an obstruction within the meaning of the act of assembly.

Counsel for the defendant contended that in order to make said Front Street or Railroad Avenue a public highway, it should appear that the street had not only been used as public highway, but likewise that it had been maintained by the public for twenty years, and in support of the contention, cited *Sec.* 1, *Chap.* 60, *p.* 491 *of the Code*, which reads: "All public roads, causeways and

bridges heretofore laid out as such, or made by lawful authority, or which have been used as such, and maintained at the public charge for twenty years, are declared to be common highways."

Lincoln City has been laid out since the framing of this act, and we do not think the act is applicable to this case. This section was intended to be descriptive of public highways existing at the time of its enactment, and it is not inclusive of other public highways subsequently laid out by public authority or by private dedication. The act was intended to be a modification of the common law respecting roads claimed to be such, by the indulgence of land owners so as to prevent forfeiture of their lands. In the case of *Johnson vs. Slaughter*, 5 *Harr*. 448, the Court said: "So many neighborhood roads exist by the indulgence of land owners, that the common law was considered harsh in reference to forfeiting private land by indulgence, and the legislature has required that such a road shall have not only been used, but maintained and kept up by the public for twenty years, to make it a public road against the owner of the land".

In this case the State claims that Abel S. Small, having previously purchased the site of Lincoln City, laid it out, and caused a plot or plan of it to be made between January and April, 1865; that in the plot he designated lots, streets, avenues, etc.; that among them was the said Front Street or Railroad Avenue which extended north and south, of the width of 100 feet on each side of the centre line of the right of way of the railroad company, the said right of way having at that time been graded, but the road was not completed for some two years thereafter; that Small made an actual dedication of said street, as thus laid out, to public use. It is further claimed that he sold lots according to the said plot or plan, which he caused to be exhibited; that on the 10th day of July A. D. 1865, he and his wife, by their deed of bargain and sale, conveyed with James J. Jackson all that certain lot, situate at Lincoln, lying south of the Main Avenue, running east and west, and extending east to the railroad, adjoining lands etc., containing, etc., he having first erected a house thereon and placed a fence on the line between the said lot and the westerly side of said

street, and likewise planted shade trees along the said fence; that the fence was rebuilt in 1879, and remained from then until a year or more ago, when, being in a dilapidated condition, the defendant, the present owner of the lot, removed it and also cut down the shade trees.

It is further claimed that the said street has, from the time it was so laid out and plotted, down to the time the defendant, as it is alleged, placed a fence across it, been used as public street by the public uninterruptedly, so far as Small, or any one claiming under him, is concerned.

Counsel for the defendant contend that the deed from Small and wife to Jackson, conveying as it did all the land described therein east to the railroad, operated as a revocation of the dedication of said street, as evidenced by said plot. We say to you that if you find that there was an actual dedication of the said street to public use by Small before the sale of the lot to Jackson, then the latter took title to said lot to the line of the railroad subject to such dedication, and the title of the defendant thereto is affected thereby.

Counsel for the defendant also contended that the said street was not and had not been used as a public highway, but simply from license for the purpose of a log yard, and as a convenience to load and unload freight on railroad cars. We say to you, if you find that there was a dedication of said street as a public highway by Small, then the fact that persons used it, rightfully or wrongfully, for the purpose of dropping logs, etc. to be loaded in the cars, is immaterial.

This Court has held that no particular form or ceremony is necessary in the dedication of land to public use, if the assent of the owner of the land be shown, and the fact of use for the purposes intended by the dedication.

If the owner of land lay out a town and put a plot or plan of the streets on record, or exhibit such plot and sell lots, it is evidence of actual dedication of such streets to public use, according to the plan.

*State vs. Reybold, 5 Harr.* 484.

The public acquires a right to the use of a road or street over private property by any use of it as a road or street, accompanied by proof of actual dedication; and the making of improvements on land by the owner, tending to carry out the plan of a plot, on which are designated lots and streets, such as building fences along the lines of the streets as shown by such plot, are evidences of an actual dedication.

If you find that Small did make an actual dedication of said Front Street or Railroad Avenue to public use as a street, and likewise the use of it by the public as a street; or if you find that prior to the erection of said fence across the street by the defendant, the public had, so far as Small or anyone claiming through him was concerned, an uninterupted use of the street as a public highway for twenty years, then such use is evidence of a grant or dedication, and in either case your verdict shoud be guilty; otherwise, your verdict should be not guilty.

Verdict, guilty.