ANNE B. SARDE, CAROLYN S. HOWELL and
MARGARET S. GAIL,

vs.

SAMUEL S. SARDE.

*Kent, Sep.* 27, 1920.

Notwithstanding Revised Code 1915, § 3301, the Orphans' Court should not try the issue whether the parties in suit for partition hold as coparceners or tenants in common, as claimed by petitioners, or whether defendant is entitled to sole possession, as claimed by him, and that issue will be sent to the Superior Court for trial by jury.

PETITION FOR PARTITION. The petition sets forth that Robert Sarde died in 1883 seized of two parcels of land in Kent County, described as No. 1 and No. 2, and intestate as to them, leaving to survive him his widow, since deceased, and as his heirs at law four children, the three petitioners and the defendant. After the death of the widow the petition for partition was filed, and thereupon the defendant, Samuel S. Sarde, filed an answer, and upon exceptions taken thereto, it being found by the Court to be insufficient, the defendant filed an amended answer.

By the amended answer the defendant admitted the seizin and intestacy of the ancestor and the descent of the two parcels mentioned in the petition to the four children, subject to dower; alleged that ten parcels, including the two described in the petition, so descended and until 1889 were held as parceners; that the widow and heirs in 1889 agreed to an amicable partition; that pursuant thereto the respondent took *inter alia* No. 2 as owner in severalty, the others then yielding to him possession and withdrawing and abandoning claim thereto, and until the filing of the petition for partition claimed no rights therein; that since 1889 he has held No. 2 "as absolute owner in severalty in his own right continuously, openly, notoriously and adversely" to the other parties, and neither of said other parties have been in possession by act or entry of themselves, or any other person; and that he holds title by prescription and adverse possession as absolute owner in severalty. It was further alleged that, relying on the amicable partition and his right as sole owner, he had increased the value and productivity of the land.

To this answer the petitioners filed a replication giving more particulars as to the amicable partition, in effect differing from the statement of the defendant only as to No. 2 in the petition. As to No. 2 the replication alleged that it was not, and has not been, partitioned, but that it was agreed by the parties that the defendant should have the use, benefit and income thereof during the life of the widow, "rendering unto Sallie A. Sarde, the widow, such fruits, vegetables and income therefrom as she should need and require so long as she lived"; that she died in July, 1919; that the defendant was in possession under the amicable agreement, and made no claim to be absolute owner until after the partition proceedings were begun; and that the petitioners claim to be owners in coparcenary with the defendant. It was prayed that the Court either hear and determine the issues so raised, or send an issue to the Superior Court.

The questions raised by the pleadings were argued by counsel.

CURTIS, P. J., and BOYCE, J., sitting.

*James H. Hughes,* for the petitioners.

*Henry Ridgely* and *William Watson Harrington,* for the defendant.

CURTIS, P. J., delivering the opinion of the Court:

The questions chiefly discussed were whether the issues of law and fact raised by the pleadings should be heard and determined by the Orphans' Court, or determined by the Superior Court on an issue sent by this Court for trial there, or whether the parties be remitted to their action at law, such as ejectment.

But for section 3301 of the Revised Code of 1915, it would be clear that the Orphans' Court did not have the power or right to proceed with the partition cause where there is a question raised in the pleadings as to whether the premises were held by the parties to the cause as tenants in common or coparceners. *Knight v. Knight,* 10 *Del. Ch.* 304, 89 *Atl.* 595.

The language of section 3301 is very broad, and in some respects of the case would entitle the Court to decide all the questions raised, including the conflicting claims as to the ownership and legal title to the land; and the desire to simplify procedure and do complete justice to the parties already brought into Court

without sending them to another court for relief would move this Court to do so. Still, the trial of titles to real estate has quite uniformly been held in this State to be not in Chancery, but in the law courts, and parties are left to pursue legal remedies there when title to land is questioned even incidentally in a court of equity. So much the more should this theory prevail where the Orphan's Court is exercising a limited jurisdiction, such as in a partition cause, and where equitable powers are conferred on that Court by statute. In other words, when general equity powers touching partitions of land are conferred on this statutory Court, with very limited jurisdiction, the Court should not exercise wider powers when a Court having general, inherent, traditional equity powers would not do so. Where matters determinable at common law·are brought before the Chancellor in equity, he is required to remit the parties to the law courts that the issues may be tried there by a jury. Revised Code of 1915, § 3844. In a partition cause the Orphan's Court, even if it be given general equity powers, should either do the same, or dismiss the petition. As it is expressly given power to send issues to the Superior Court, it is justified in retaining jurisdiction of the main cause until this issue has been tried.

In the case now before this Court, then, the petition should not be dismissed, but jurisdiction retained and an issue framed and sent to the Superior Court to determine by a jury whether the petitioners and defendant at the time of the filing of the petition for partition held as coparceners the premises described in the petition as No. 2, and any other issue raised in the cause as to the legal title thereto.

The proceedings as to partition of No. 1 are suspended until the issues as to No. 2 can be determined.