PERCY WARREN GREEN,

*vs.*

HETTIE W. COWGILL and JOHN COWGILL.

*New Castle, September 18, 1948.*

*David B. Coxe, Jr.,* for plaintiff.

*W. Howard Thompson,* for defendants.

SEITZ, Vice-Chancellor: Defendants have moved to dismiss the complaint on the ground that equity has no jurisdiction because the complaint shows on its face a boundary dispute.

The material factual allegations of the complaint are here taken to be true. Plaintiff owns a lot containing a summer residence known as No. 30 Pennsylvania Avenue in the town of Rehoboth, Delaware. The defendant Hettie W. Cowgill owns lot No. 32 Pennsylvania Avenue, which adjoins plaintiff's property. For present purposes it is not necessary to state other than that the defendant John Cowgill has some interest in a portion of lot No. 32.

I shall not narrate the many facts set forth in the complaint. They demonstrate the existence of a boundary dispute where lots Nos. 30 and 32 adjoin. They also show a building encroachment by the defendants as well as continuing trespasses and the creation of a nuisance.

Thus, the complaint shows on its face a boundary dispute, but it also shows the need for equitable relief, particularly in the event that plaintiff is correct as to his title contentions. If plaintiff is correct, a portion of one of the

buildings owned by the defendant Hettie W. Cowgill encroaches on plaintiff's land. Plaintiff has prayed for and may be entitled to a mandatory injunction directing that the overlapping portion of the building be torn down. See *Haitsch v. Duffy*, 10 *Del. Ch.* 280, 92 *A.* 249. Moreover, the complaint shows continuing trespasses by the defendants as well as the creation of a nuisance. Other factors in the complaint also indicate that plaintiff may be entitled to equitable relief.

The general principle that equity will not decide disputes involving titles to real estate is doubtless true. It is not always easy to ascertain just what additional factors are required to give equity jurisdiction. See 4 *Pomeroy's Equity Jurisprudence*, (*5th Ed.*) § 1384. The late Chancellor Curtis, sitting in the Orphans' Court, suggested in the case of *Sarde v. Sarde*, 12 *Del.Ch.* 433, 111 *A.* 431, that the parties will be left to a legal determination of title even where title to land is questioned incidentally in a court of equity. See also *Scarlett v. Cleaver*, 16 *Del. Ch.* 251, 145 *A.* 121.

Since in my opinion the complaint shows not only a boundary dispute, but the possible need for substantial equitable relief, especially in the event plaintiff's title contentions are upheld, I decide that the motion to dismiss the complaint for lack of jurisdiction must be denied. However, I believe the decisions in this state indicate a decided preference for a legal determination of title disputes. Consequently, in the exercise of discretion, I conclude that this litigation should be held in abeyance until the title question has been determined in an action at law. When the title has been determined, the complaint in this action may be amended to reflect such determination, and then the equitable rights of the parties will be enunciated. This conclusion would seem to be a fair adjustment of the conflicting interests and policies.

The court also heard an argument on the rule for a

preliminary injunction. The preliminary injunction was only sought to prevent the defendants from interfering with the plaintiff's use of his driveway. However, the pleadings and affidavits indicate that the plaintiff does not use his property except in the summer months. Consequently, I see no need for a preliminary injunction at this time. If the matter has not been finally disposed of prior to plaintiff's next occupancy, an appropriate application may be made. For the present, the temporary injunction is denied.

Orders in accordance with this opinion will be advised on notice.