JOSEPH T. SINGEWALD,

*vs.*

RHODA B. GIRDEN, J. GORDON SMITH, CHAIRMAN, CANBY C. MAMMELE, J. H. TYLER McCONNELL, WILLIAM P. RICHARD-SON, CLAYTON A. BUNTING, CHARLES R. STAIB, JR., SAMUEL N. CULVER, duly organized as the STATE HIGHWAY DEPART-MENT of the State of Delaware.

*Sussex, July 1, 1952.*

*W. Howard Thompson*, of Georgetown, for plaintiff.

*Houston Wilson*, of Georgetown, for defendant.

BRAMHALL, Vice Chancellor: Defendant has raised certain legal

objections to the complaint of plaintiff. Plaintiff, in turn, has moved to have the sufficiency of these objections determined. The points for determination are:

1. That there is a substantial dispute as to the title of the property on which the house of the defendant is situate and that therefore this court should not take jurisdiction until that issue has been determined;

2. That this action is a public action and that Attorney General is therefore a necessary and indispensable party;

3. That the State of Delaware is an indispensable party;

4. That the land in question has never been laid out, dedicated, opened and used as a public highway;

5. That the order of the Chancellor for substituted service was improper and the service was not in compliance with the provisions of the statute and was in violation of the law of "due process".

The complaint alleges that the plaintiff is the owner of certain lots abutting McKinley Avenue, at Dewey Beach, Lewes and Rehoboth Hundred, Sussex County, Delaware, known as Lots 2 and 4, Section 13, on the plot named "Indian Beach"; that the defendant is the owner of a house situate in the bed of the public street known as McKinley Avenue and located between the plaintiff's house and the main-traveled portion of McKinley Avenue; that the development of which these properties are a part was originally under the control of the Public Lands Commission of the State of Delaware, which control was later by Act of the Legislature transferred to the State Highway Department of the State of Delaware; that a plot was made of these lands, which was duly recorded; that public sales were held of these lots, the plaintiff being a purchaser at one of said sales; that McKinley Avenue is a public highway and has been from the time of its dedication, extending from King Charles Avenue, Extended, to the beach at Atlantic Ocean; that the house of the defendant in its present location constitutes an unlawful obstruction on McKinley Avenue and that plaintiff as an abutting owner has sustained special damage and prays that a mandatory injunction may be decreed by this

court directing the removal of the house of the defendant.

1. Defendant avers that she is the owner of a lot upon which her house is situate by reason of adverse possession for a period of more than twenty years. She contends that before plaintiff may proceed with this action the question of her title must first be determined by a court of law.

As a general rule, equity will not determine title to real estate. *Green v. Cowgill*, 30 *Del.Ch.* 345, 61 *A.2d* 410. However, in this case, plaintiff does not claim title to the property claimed by the defendant. Plaintiff contends that the lot is a part of McKinley Avenue, and that, since his lot abuts on McKinley Avenue at the point of the lot claimed by defendant, the house of the defendant constitutes an obstruction and deprives the plaintiff of his right as an owner of a lot abutting on said street. Plaintiff would therefore not be entitled to maintain an action in ejectment against the defendant. I know of no adequate remedy at law which plaintiff would have for the determination of the title to the lot claimed by defendant.

Plaintiff's complaint shows a need for possible equitable relief. Equity would therefore have jurisdiction.

Without deciding the right of this court to dispose of the dispute as to defendant's title, I feel that this is a question of fact which should be determined by a jury. Defendant's claim of ownership is based upon an alleged uninterrupted possession for a period of more than twenty years. This is disputed by plaintiff. The determination of the question would undoubtedly involve the taking of testimony of many witnesses, which testimony would perhaps be conflicting and irreconcilable. In the exercise of discretion, I therefore conclude that the complaint should not be dismissed by reason of this objection, but that jurisdiction will be retained and an issue framed and sent to the Superior Court to determine by a jury the ownership of the lot claimed by the defendant.

2. Defendant says that any action such as has been instituted in this case must be begun by the Attorney General. It is true that there are public rights involved and that the Attorney

General is a proper person to institute an action for the protection of public rights. *Reinhardt v. Chalfant*, 12 *Del.Ch.* 214, 110 *A.* 663. But an individual, provided he can prove special damage other than damage which may be claimed as a public right, may institute an action in his own name for the protection of his right. *Poole v. Commissioners of Rehoboth*, 9 *Del.Ch.* 192, 80 *A.* 683. See cases cited in annotation in 60 *A.L.R.* 770. The action in this case is based upon the damage claimed by the plaintiff individually and not for an invasion of a public right. The sufficiency of such claim cannot be determined at this stage of the proceedings. I therefore conclude that the plaintiff, claiming special damages by reason of an alleged violation of his private rights, may bring his action in his own name.

 3. Defendant contends that plaintiff cannot proceed in this case for lack of an indispensable party, namely, the State of Delaware. Plaintiff's action is against the defendant for the removal of the defendant's house. Since the house is situate on a part of the land shown on the plot as McKinley Avenue and since that street is under the jurisdiction and control of the State Highway Department of the State of Delaware, that department has been made a party to this proceeding. Plaintiff's complaint is against the defendant, whose house is upon the lot claimed by her, and the State Highway Department, which has control over the streets and highways. Therefore, as far as plaintiff's action is concerned, the State of Delaware is not a necessary party. However, defendant in her defense avers that defendant acquired title from the State of Delaware by right of possession for a period of over twenty years. If the defendant should be unsuccessful in maintaining her claim of title, title would be in the State of Delaware. Therefore, in order that the question of the title to the lot may be determined and that all parties may be properly before the court, the State of Delaware should be joined as a necessary party to this action.

 4. Defendant contends that there has never been a dedication of the lot claimed by the plaintiff as a part of McKinley Avenue. The Public Lands Commission of the State of Delaware,— to the rights of which the State Highway Department of the State of Delaware afterward acquired control,—had the tract of land in

question laid out as lots, recorded the plot therefor, upon which McKinley Avenue was laid out as a street. According to this plot plaintiff's lot abutted on McKinley Avenue at the point where defendant's house is now situate. The street was later improved by the State Highway Department throughout its full length up to the lot claimed by the defendant. At the time title was in the State of Delaware. Without determining whether or not, in view of the fact that the title to the street was in the State of Delaware at and immediately prior to the time of its dedication, the mere preparation and recording of the plot, together with public sales of the lots laid out thereon, would constitute a complete dedication of the street, it is sufficient to say that the improvement of the street by the State Highway Department and the use thereof by the public would constitute an acceptance by user. *Poole v. Commissioners of Rehoboth, supra; Reinhardt v. Chalfant, supra; Fulton v. Town of Dover*, 8 *Houst*. 78, 6 *A*. 633, 12 *A*. 394, 31 *A*. 974; *State v. Southard*, 6 *Penn*. 247, 66 *A*. 372. The question, if there should be such a question, of the extent to which there has been an acceptance of the dedication is primarily a question of fact to be determined at the trial of the case. See *Johnson v. Town of Watertown*, 131 *Conn*. 84, 38 *A.2d* 1.

5. Defendant contends that the order for publication was improperly issued and that the service upon her has not been in conformity with due process.

This is an action *quasi in rem*. The procedure is therefore covered by the first paragraph of 4374, *Section* 8, *Chapter* 117, *Revised Code of Delaware* 1935, and the Rules of this Court relative thereto. The first paragraph of 4374 provides as follows:

"If, after subpoena or other process issued, any defendant therein named shall not appear in obedience to said process and according to the rules of the Court, the Court may, on affidavit that such defendant is out of the State, or cannot be found to be served with process and that there is just ground to believe that he intentionally avoids such service, make an order for his appearance on a certain day and publish such order as the Chancellor shall direct not less than once a week for three consecutive weeks. And if the defendant shall not appear, after such publication, according to such order, the Court may order the plaintiff's bill to be taken pro confesso, and may thereupon issue process to compel the performance either by seizure of the real and personal property of such defendant or part thereof,

sufficient to satisfy the plaintiff's demand, or by causing possession of the estate, or effects, demanded by the bill, to be delivered to the plaintiff, or otherwise, as the case requires. * * *"

*Rule* 4 *(d)* 5 provides that in addition to the notice of publication required by law "the court may direct the giving of other notice to such defendant and in such manner as may be deemed appropriate under the circumstances." It is also provided in *Rule* 4 *(g)* that

"Process which cannot be served before the return day thereof, shall be returned on the return day and such return shall set forth the reason why service cannot be had."

It will also be noted that *Sec.* 4374 provides that the court may make an order for the appearance of the defendant on a day certain and publish such order as the Chancellor shall direct not less than once a week for three consecutive weeks.

In this case the original summons was issued on May 17, 1950, and was returned by the sheriff "Non Est" on May 22, 1950. On June 21, 1950, an order was signed by the then Chancellor Harrington ordering the defendant to appear on or before July 24, 1950, and file answer or other defense to the complaint and that a copy of the order be published in the Sussex Countian once a week for three consecutive weeks prior to July 17, 1950. At the same time the Chancellor, under the authority of *Rule* 4 *(d)*, ordered that notice of this order be served upon the defendant by forwarding to the defendant by registered mail a certified copy of the order together with a copy of the complaint.

Defendant concedes that this is an action *quasi in rem* and that service may be made upon the defendant as provided in the first paragraph of 4374, *Sec.* 8. Defendant contends however:

(1.) That the return of service five days after the issuance of the original summons was a clear violation of *Rule* 4 *(g)*;

(2.) That the order of publication did not give to the defendant sufficient information in that the publication did not contain all of the information contained in the complaint;

(3.) That the order of publication did not give to the defend-

ant sufficient notice within which to file her answer or take such other action as she might deem proper and was therefore void as being in violation of due process.

■■ I find no merit in defendant's contention that the service is bad by reason of the fact that the sheriff's return was prior to the return day. It is true that *Rule* 4 *(g)* of this court provides that process which cannot be served before the return day thereof shall be returned on the return day. However, 4374, *Sec.* 8, contains no such provision. The complaint, which was sworn to by the plaintiff, averred that the defendant resided outside the State of Delaware. It was known by the plaintiff and by the court, by reason of a prior suit in this court involving the same subject matter, that defendant's address was in California and that it was impossible to obtain personal service upon the defendant in this state. Based upon these facts, and possibly other facts which have not been brought to my attention, the then Chancellor Harrington, after the return day, signed an order of publication and directed that copies of the order of publication and the complaint be served upon the defendant by registered mail. Defendant suffered no injury by reason thereof. While statutes relative to substituted service or service by publication will be strictly construed, such construction is applied only after interpretation of the meaning of the statutes and is nether strained nor hypercritical. *Perrine v. Pennroad Corporation*, 19 *Del.Ch.* 368, 168 *A.* 196. I see no reason why the issuance of this order should now be disturbed by me.

■■ Relative to defendant's second objection, this court held in the case of *Perrine v. Pennroad Corporation, supra*, that the published notice in that case was sufficient, although it contained no information as to notice of the action other than is usually contained in such publications. Since the issuance of the opinion of the Chancellor in the *Perrine* case, this court has issued new rules, in which it is required that the summons and complaint be served together. It is obvious that this provision relates entirely to personal service upon the defendant or upon some other person on behalf of defendant as provided therein and as provided by our statutes. *Rules* 4 *(d)* 5 and 6 with respect to service by publication in an action *in rem* or *quasi in rem* specifically states that such

service shall be made upon a nonresident as provided by 4374, *Sec.* 8. The provisions of that section have not been modified or repealed. To include in the publication all of the information contained in the complaint would mean in many cases the publishing of practically the entire complaint. Such was obviously not intended.

Defendant's third objection is that the order of publication did not give her a reasonable opportunity to appear and file an answer or take such other proceedings as she might desire in defense of plaintiff's claim and that the order of publication is therefore void as a violation of due process of law. The order of publication was issued on June 21, 1950, and was published in the Sussex Countian, a newspaper of general circulation of the Town of Georgetown, on June 29th, July 6th, and July 13th, 1950. At the same time the Chancellor ordered that a copy of the publication and a copy of the complaint be sent to the defendant by registered mail. According to the registered return receipt, receipt of this letter was acknowledged on July 6, 1950.

The question of adequacy of service by publication in an action *in rem* or *quasi in rem* is dependent on whether or not the form of substituted service provided therefor is reasonably calculated to give the defendant actual notice of proceedings and an opportunity to be heard. See *Milliken v. Meyer*, 311 *U.S.* 457, 61 *S.Ct.* 339, 85 *L.Ed.* 278, 132 *A.L.R.* 1357. Due process of law means law in accordance with the fundamental principles of justice and its essence is notice of an opportunity to be heard before judgment. *Spoturno v. Woods*, 8 *W.W.Harr.* 378, 192 *A.* 689; *New York Trust Co. v. Riley*, 24 *Del.Ch.* 354, 16 *A.2d* 772.

I am of the opinion that ample opportunity was given the defendant to appear in this court and make her defense. The order of publication was signed on June 21, 1950. The defendant was given until July 24, 1950, in which to answer. The first publication was made on June 29th. Without determining whether or not the notice by registered mail was *ex gratia*, it is significant that the defendant by the receipt of a copy of the order of publication and a copy of the complaint had actual knowledge of the institution of these proceedings and of the necessity to answer or take such other action as she might deem proper on or before July 24th. Paraphras-

ing the language of the Court in the Perrine case, it is a fact that the defendant did receive notice, as evidenced by her special appearance.

In my opinion therefore the defendant had ample opportunity to present her defense. The requirement of due process has been fulfilled.

An order will be entered on notice in accordance with this opinion.