99 A.2d 393 (1953)
COHEN et al.
v.
MAYOR AND COUNCIL OF WILMINGTON et al.
Civ. No. 377.
Court of Chancery of Delaware, New Castle.
August 28, 1953.
Herbert L. Cobin, of Wilmington, for plaintiffs.
August F. Walz and William F. Lynch, II, of Wilmington, for defendant The Mayor and Council of Wilmington.
Howard E. Lynch, Jr., of Dover, and Frank O'Donnell, Jr., of Wilmington, for defendant State Highway Department of the State of Delaware.
Howard L. Williams and H. James Conaway, Jr., of Wilmington, for defendant Henry C. Eastburn & Son, Inc.
*394 BRAMHALL, Vice-Chancellor.
According to plaintiffs' complaint, the facts upon which this action is based are substantially as follows:
Plaintiff Harry Cohen, hereinafter referred to as "plaintiff", purchased the property at 800 Concord Avenue, Wilmington, in May of 1921, and has resided there continuously since that time. The property is triangular in shape, bounded on the east by Concord Avenue, on the north by West Twenty-fifth Street, and on the west by Franklin Street. The southerly tip of the triangle faces Baynard Boulevard. The main entrance to the residence faces Concord Avenue. Prior to the summer of 1952, the State Highway Department contemplated widening Concord Avenue between the B & O Railroad and Baynard Boulevard, the plans calling for the widening of the bed of Concord Avenue from approximately 26 feet to 50 feet, to be bordered by a pavement 5 feet in width. The effect of these plans would be to eliminate from plaintiff's lawn an area approximately 8 to 10 feet wide along Concord Avenue for a distance of approximately 190 feet and a portion of the lawn at the intersection of Concord Avenue and Franklin Street, and Concord Avenue and Twenty-fifth Street. When plaintiff objected to the State Highway Department to the widening of Concord Avenue, he was advised that it was not the plan of the State Highway Department to do any work on Concord Avenue east of the B & O Railroad and that in the event these plans were changed plaintiff would be notified. On January 20, 1953, without notice to plaintiff and while plaintiff was out of the City, the State Highway Department, through its agent, the defendant Eastburn, entered upon the premises of plaintiff, up-rooted certain valuable box-wood hedges, tore up the lawn, concrete walk and front steps, and put up a wooden bridge over a large ditch which had been dug around the property in the lawn. The complaint alleges that the defendants have threatened to continue with their plans over the objection of the plaintiff and will continue to do so unless prevented by this court.
Plaintiff prays that defendants be enjoined from continuing with the trespass on his property; that this court declare the rights of the parties and that judgment be entered against defendants for such damages as may be proper under the circumstances.
A complaint will be dismissed on motion if it is clearly without merit. It will *395 not, however, be dismissed for failure to state a claim unless it appears to a certainty that under no state of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief. If the complaint states a claim upon which the pleader might recover, the complaint should not be dismissed without a trial or motion for summary judgment. Costello v. Cording, Del.Super., 91 A.2d 182; Morgan v. Wells, Del.Ch., 80 A.2d 504; Maher v. Voss, 7 Terry ___, 84 A.2d 527. See 2 Moore's Federal Practice, 2d Ed., § 12.08. In considering whether or not plaintiff has failed to state a claim under any state of facts which could be proved to support it, vagueness or lack of detail are not alone sufficient grounds for dismissal. Morgan v. Wells, supra; 2 Moore's Federal Practice, 2d Ed., § 12.08.
It is alleged in plaintiff's complaint that defendants intend to continue with their alleged trespass over the objection of plaintiff and that plaintiff will sustain irreparable damage by reason thereof. Exactly what defendants intend to do is not specifically set forth in the complaint. To determine a defendant's motion to dismiss a complaint for failure to state a claim upon which relief can be granted, plaintiff is only required to state a claim and need not plead the evidence upon which the claim is based. Kelley v. Lee, Del.Ch., 91 A.2d 39. A challenge to a complaint necessarily admits all facts of pleadings and the reasonable inferences to be drawn therefrom. It does not admit either inferences or conclusions of fact not supported by allegations of specific facts upon which the inferences or conclusions rest are conclusions of law. Weeks v. Denver Tramway Corp., 10 Cir., 108 F.2d 509. While it is true that plaintiff's complaint does not set forth specifically in what manner defendants will trespass upon plaintiff's land in the future or the irreparable damage which will be sustained by plaintiff, the damage already sustained by plaintiff is specifically alleged in the complaint and it is alleged generally that such damage will continue in the future if defendants should be permitted to continue to trespass upon plaintiff's property. In view of these allegations as to damage, without denial or assertion of contrary facts by defendants, I cannot say that it appears to a certainty that, under any state of facts which could be proved in support of plaintiff's complaint, plaintiff would not be entitled to relief.
Defendants assert that there is a serious dispute as to title to plaintiff's property. Under the present state of the record plaintiff's assertion of title must be accepted as a fact. Assuming, however, that there is a serious dispute as to title, this court, when an issue of title is framed and referred to a court of law, would not dismiss the complaint but would retain jurisdiction pending the determination of the question of the disputed title. Dill v. Dill, 10 Del.Ch. 257, 91 A. 450; Green v. Cowgill, 30 Del.Ch. 345, 61 A.2d 410. I cannot accept this contention under the present state of the record.
Defendants contend that plaintiffs have an adequate remedy at law, averring that by reason of the fact that the City of Wilmington and the State Highway Department have the power of eminent domain, even if plaintiff should prevail on the question of title he will ultimately receive only monetary damages in a condemnation action. According to the complaint, defendants entered plaintiff's premises during plaintiff's absence, after they had assured plaintiff that no action would be taken until he had been advised and, without the institution of condemnation proceedings, proceeded to trespass upon plaintiff's property and to seriously damage the same. I cannot assume, upon a motion to dismiss, that any damages which plaintiff might receive upon condemnation proceedings, which have not even yet been instituted, would be a sufficient remedy.
The motion to dismiss will be denied.
An order will be entered, on notice, in accordance with this opinion.