99 A.2d 494 (1953)
WOLFMAN et al.
v.
JABLONSKI et al.
Court of Chancery of Delaware, New Castle.
September 25, 1953.
*495 Thomas H. Wingate, Wilmington, for plaintiffs.
Anthony F. Emory, Wilmington, for defendants.
SEITZ, Chancellor.
Plaintiffs seek to enjoin defendants from interfering with plaintiffs' alleged exclusive right to use a certain alley and alcove.
Plaintiffs own real estate extending along the south side of Second Street from Market Street to Shipley Street in the City of Wilmington. Immediately south of plaintiffs' property and extending from Market to Shipley (a distance of about 117' 7") is a three foot wide alley. The defendants' property abuts the alley on the south for the same distance. About 63 feet in the alley from Market Street, and running along the alley for about 30 feet, is an alcove extending into defendants' property to a depth of about 3½ to 5½ feet. It was formerly backed by a brick wall and contained a privy. The wall was torn down by defendants in connection with the present dispute over the right to use the alley.
It appears that plaintiffs have record title to the alley to a depth of about 101' 1" from Market Street. It does not appear that plaintiffs have title to the remaining 16' 6" of the alley. Defendants do not claim title to any portion of the alley. However, in the early nineteenth century both plaintiffs' and defendants' predecessors in title obtained a use in common to a 28 foot alley leading in from Market Street. It is part of the present alley. Both plaintiffs' and defendants' predecessors in title were also granted a right in common to use a 16' 6" alley leading in from Shipley Street, also part of the present alley. Apparently in later years the alleys became connected by the use of the center portion for that purpose.
Defendants claim the right to use the two indicated portions of the alley on the basis of the users granted by deed. They claim the right to use the balance by prescription. Plaintiffs contend that whether defendants' use was formerly based on grant or prescription, defendants and their predecessors in title lost the right to use the alley through abandonment.
Plaintiffs claim title to the land in the so-called alcove based upon adverse possession.
I first consider whether defendants' right to use the alley has been lost through abandonment. The parties seem to be in general agreement on the law and the dispute is entirely one of fact. Therefore, conceding, as do plaintiffs, that defendants' predecessors in title had the *496 right at one time either by grant or prescription to use the entire alley, the question is whether that right was legally abandoned. Whether or not a right of user has been abandoned is a question of intention and non-user is a fact to be considered in resolving that question. Also where, as here, the easement has been acquired by grant mere non-user alone does not operate as an abandonment. Plaintiffs appear to tacitly agree that I should apply this principle to the entire alley. If I have misconstrued their position they may so indicate on a motion for reargument. Thus I must here find not only non-user but acts clearly indicating an intention to abandon the use of the entire alley.
Plaintiffs assert and defendants deny that the credible evidence demonstrates both the non-user and other circumstances evidencing an intention to abandon the right to use the alley. The evidence is far from clear.
I viewed the premises. With due allowance for changes made since 1948, when defendants purchased their property, it appeared to me that one entrance into the alley from the property abutting on the south (defendants' property) had long since been closed. The portion of the wall apparently containing another entrance had been torn down by defendants. However, I am persuaded from the credible testimony that this entrance way from the property to the south into the alley had also been closed for many years. I infer that the entrance ways were closed because the buildings on the south were used for purposes which did not require the use of the alley and also to avoid possible illegal entry at a place where detection would be unlikely.
I am persuaded that the Market Street entrance to the alley was closed and unused. However, it is not clear whether it was closed by the agreement of the then adjoining owners. Whether it was closed with a gate or boarded up, I need not decide. The Shipley Street entrance contained a gate for many years. Once again it is not clear how the gate came to be there. Later a lock was placed on the gate. While I believe that in later years plaintiffs' agent kept the key and lent it as occasion required its opening to service plaintiffs' property, I am not at all sure that the then owner of defendants' property did not also have a key. I do not believe that the gate was kept locked at all times when not in use. However, plaintiffs and the lessee operating the diner had a real interest in keeping strangers out of the alley because the alley provided direct access to plaintiffs' property and goods.
In order to succeed plaintiffs must show both non-user for a period of time reasonably calculated to indicate an intention to abandon, as well as other circumstances clearly evidencing such an intention. As to the non-user, I am persuaded that there was no use of the alley by defendants' predecessors for several years prior to defendants' purchase in 1948. However, an evaluation of the evidence leaves me in substantial doubt as to whether there was no use during the 20 year period prior to 1948. I say this without deciding that under all circumstances the non-user must be for a 20 year period.
I also have difficulty in finding clear evidence of additional circumstances which would justify an inference of an intention to abandon. True, defendants' predecessors in title closed the entrance ways from the alley into their property but I believe the reasons therefore are not necessarily inconsistent with the desire and need to continue to use the alley. Indeed, the only access to the outside portion of the northern walls of defendants' property is by way of the alley.
It must also be remembered that plaintiffs and their predecessors also had a right by grant to use the alley. Thus their use of the alley is not, in and of itself, inconsistent with the continued existence of defendants' right of user.
Considering all the evidence and having in mind that defendants' right of user is by deed, I conclude that plaintiffs have not shown clear evidence of an intention on the part of defendants' predecessors *497 in title to abandon the use of the alley.
Plaintiffs also claim title to the realty located in the so-called alcove on the basis of adverse possession for more than 20 years prior to 1948.
This court, generally speaking, will not decide title to real estate. However, where, as here, equitable relief is also sought, only a question of the exercise of discretion is involved. Even in this latter case the court generally requires the issue to be tried at law. See Green v. Cowgill, 30 Del.Ch. 345, 61 A.2d 410. But here the issue has been fully tried. In the interest of prompt justice I believe the issue should be resolved without another trial.
The land in the alcove was walled off from the balance of what is now defendants' property. For how long I cannot tell. It was formerly used for a privy but many years ago it was filled up and leveled off although the wall apparently remained until taken down by the present defendants. In recent years, especially since some time in 1940 when plaintiffs leased a portion of their land for a diner, the land apparently has been used at times by plaintiffs' agents and tenants to store such things as an old stove and bottles.
I do not believe plaintiffs have shown a hostile use of the alcove for the required 20 years. While some factors point to the hostile use of this portion of defendants' property, there is strong testimony which leads me to have reasonable doubt that there has been an uninterrupted hostile use by plaintiffs and their agents for the required 20 year period prior to 1948. Plaintiffs' own agent testified in such a way as to cast doubt on the accuracy of his recollection generally.
It follows that plaintiffs have not sustained their burden of proving that defendants lost their right to use the alley by abandonment or that plaintiffs possess title to the alcove by adverse possession.
Order on notice.