**Jane JOSEPH, et al.**

v.

**SHELL OIL CO., et al.**

**Gerit van der WOUDE**

v.

**SHELL OIL CO., et al.**

Court of Chancery of Delaware,
New Castle County.
Submitted: Dec. 20, 1984.
Decided: Jan. 8, 1985.

Joseph A. Rosenthal, Morris & Rosenthal, P.A., Wilmington, Abbey & Ellis, Lowey, Dannenberg & Knapp, P.C., Wolf Popper Ross Wolf & Jones, Harvey Greenfield, Milberg, Weiss Bershad Specthrie & Lerach, and Wolf Haldenstein Adler Freeman & Herz, New York City, for Joseph plaintiffs.

R. Franklin Balotti, E. Norman Veasey, and Jesse A. Finkelstein, Richards, Layton & Finger, Wilmington, for defendant Shell Oil Co.

Richard L. Sutton, William T. Allen, Richard D. Allen and Kenneth J. Nachbar, Morris, Nichols, Arsht & Tunnell, Wilmington, and Cravath Swaine & Moore, New York City, for defendant SPNV Holdings, Inc.

P. Clarkson Collins, Jr., Morris, James, Hitchens & Williams, Wilmington, for Committee Intervenors.

William Prickett, and Vernon R. Proctor, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Coudert Brothers, Silverman & Harnes, New York City, and Bernstein, Obstfeld & Schwed, P.C., for plaintiff van der Woude.

HARTNETT, Vice Chancellor.

These two cases are purported class actions on behalf of the shareholders of Shell Oil Company ("Shell"). In the first filed *Joseph* action (Civil Action No. 7450), Joseph and the other plaintiffs, on behalf of a purported class, have challenged an attempt by Royal Dutch Petroleum Company ("Royal Dutch") to acquire all the shares of stock of Shell not already owned by it. The plaintiffs attacked both the adequacy of the disclosures in the tender offer materials andthe entire fairness of a proposed two-step transaction beginning with a tender offer to be followed by a short-form merger. Under the challenged transaction SPNV Holdings, Inc. ("SPNV"), a subsidiary of Royal Dutch, seeks to obtain all of the shares of stock of Shell now owned by the minority shareholders. Plaintiff van der Woude in Civil Action No. 7699, while challenging the propriety of the entire transaction, seeks at this time only to enjoin, on behalf of the purported class, the proposed short-form merger. The underlying facts are set forth in *Joseph v. Shell Oil Co.*, Del.Ch., 482 A.2d 335 (1984).

Several motions have been presented in the two competing suits which affect the procedural manner in which these suits will continue. Plaintiffs in the *Joseph* action are seeking to have the *van der Woude* action stayed pending the outcome of their action. In response, plaintiff van der Woude has requested that his case be consolidated with the earlier filed *Joseph* action. I find that the later filed action should be stayed and not consolidated with the first filed suit except that the plaintiffs in that action should be kept informed of the proceedings in the first filed action. Defendant SPNV has moved for dismissal of the *van der Woude* action on the grounds that an appraisal proceeding is the only proper remedy for the relief sought. That motion must be denied. Defendant Shell Oil Co. has moved to dismiss both complaints as to it on the grounds that no wrongdoing by it is alleged in either complaint. That motion must also be denied

because Shell may be a necessary party to any relief which may be granted.

## THE STATUS OF THE LITIGATION

### I

A full recitation of the facts would be complicated and repetitious. In order to save time, therefore, only a sketch of the events occurring up to this time will follow.

In January 1984, Shell Petroleum Company Limited, one of the subsidiaries of defendant Royal Dutch Petroleum Company ("Royal Dutch"), announced its intention to merge Shell Oil Company into SPNV. Under that proposal the shares of Shell owned by minority shareholders were to be cashed out for $55 per share. Royal Dutch controls through subsidiaries all the entities involved in the proposed transaction, including Shell. A Special Committee of the Board of Directors of Shell consisting of outside directors was chosen to review the offer and the merger proposal was rejected by the Special Committee in March. No arms length negotiations took place and in April SPNV abandoned its merger proposal and commenced a tender offer at $55 per share which was shortly thereafter increased to $58 per share.

The day after the commencement of the tender offer Shell disclosed that valuations prepared for the Special Committee reflected values of $77 to $91 per share. The shareholders were further informed that the Special Committee had determined the offer to be inadequate but that it was felt that each shareholder should make his own decision. SPNV further announced that it intended to acquire all the shares of Shell and would effectuate a short-form merger cashing out the remaining shares when it obtained 90% of the minority shares.

Pursuant to the May 11, 1984, decision of this Court, which found some of the disclosures in the proxy materials to be inadequate, SPNV in June distributed a Supplement to all Shell shareholders and the tendering shareholders were given 20 days in which to rescind their tender. This period for rescission was extended a further 13 days.

Out of the over 78 million shares that were originally tendered, only 363 thousand were withdrawn during the 33 day rescission period. Counting the shares tendered and not rescinded, SPNV has approximately 94.6% of the shares of Shell.

In the June Proxy Supplement SPNV restated that it planned to effectuate a short-form merger if it still held more than 90% of the outstanding shares after the rescission period. In July, after the rescission period had expired, SPNV issued a press release stating, in part, that although it still wished to effect a short-form merger with Shell it would not do so until the issues remaining in the *Joseph* actions had been decided.

### II

Six complaints in the *Joseph* action were filed in January of 1984 and these actions were consolidated soon thereafter into Civil Action No. 7450 and expedited discovery was granted. After discovery, a hearing was held on the Joseph plaintiffs' motion for a preliminary injunction. That motion was granted in part on May 4. *Joseph v. Shell Oil Company*, supra. Additional discovery is underway and the case has been set down for trial in March of 1985.

The consolidated *Joseph* complaint alleges numerous breaches of fiduciary duty by the defendants including "a continuing devious, manipulative, fraudulent, coercive, unfair and overreaching plan and scheme being carried out by Royal Dutch to go private by acquiring, one way or the other, for a grossly inadequate price, all shares of Shell owned by the purported class."

There are also allegations of breach of fiduciary duty for refusing to pay a fair price for the shares, employing coercive tactics, manipulating the market price of Shell stock, making false and misleading statements and omitting to disclose material information.

The *Joseph* plaintiffs seek to have the $58 per share tender offer price to be declared inadequate and unfair and seek damages on behalf of tendering stockholders for the difference between $58 per share and a fair price of the shares. They also seek to enjoin the second step short-form merger "except at a fair price as determined by the court." They further seek an accounting for profits and benefits alleged to have been realized by the defendants. And they seek other damages, costs and counsel fees.

The *van der Woude* action was filed in August of 1984 and, while the allegations assert virtually the same breaches of fiduciary duty as alleged in the earlier action, there is requested only an injunction against consummation of the short-form merger. Van der Woude claims that the *Joseph* action and the *Joseph* plaintiffs do not adequately address this issue.

## ON DEFENDANT SPNV HOLDINGS' MOTION TO DISMISS

### III

■ Defendant SPNV has moved for a dismissal of the *van der Woude* action for failure to state a claim upon which relief may be granted. SPNV argues that the only remedy in response to van der Woude's complaint would be an appraisal proceeding pursuant to 8 *Del.C.* § 262. *Weinberger v. UOP, Inc.*, Del.Supr., 457 A.2d 701 (1983); *Rabkin v. Hunt Chemical Corp.*, Del.Ch., 480 A.2d 655 (1984). In *Weinberger*, however, the Delaware Supreme Court stated that although a plaintiff's remedy in response to a successful challenge to a merger transaction should ordinarily be confined to an appraisal, the historic power of Chancery to grant other relief was not diminished. And in situations where an appraisal would be inadequate, it could not be the sole remedy. The Delaware Supreme Court suggested that in cases where fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching

existed, appraisal might well be inadequate.

It is most difficult at a preliminary stage to ascertain if an appraisal proceeding will ultimately provide an adequate remedy if the allegations of the plaintiff are proven to be correct. Unfortunately, the opinion in *Weinberger* does not give much guidance as how a trial court is to determine before all the facts are ascertained whether the appraisal remedy would be adequate. Only two cases have considered this question since *Weinberger*. In *Rabkin* this Court found that because the complaint did not contain any allegations of non-disclosure or misrepresentation appraisal was an adequate remedy to address the preponderant issue of unfairness of price and was therefore the exclusive remedy. That opinion is now on appeal. In *Wilen v. Pollution Control Industries, Inc.*, C.A. 7254-NC, Hartnett, V.C., (Oct. 15, 1984), an unreported opinion and therefore of limited precedential value, I held that after a review of all the allegations in the complaint it appeared that an appraisal would afford an adequate remedy.

■ Under settled Delaware law it is clear that in order to survive a motion to dismiss for failure to state a claim, a complaint need only give general notice of the claim asserted and will not be dismissed unless it is clearly without merit, either as a matter of law or of fact. *Cohen v. Mayor and Council of Wilmington*, Del. Ch., 99 A.2d 393 (1953). The test is whether it appears with a reasonable certainty that a plaintiff would not be entitled to the relief sought under any set of facts which could be proven to support the claim. *Fish Engineering Corp. v. Hutchinson*, Del. Supr., 162 A.2d 722 (1960); *Harman v. Masoneilan Int'l., Inc.*, Del.Supr., 442 A.2d 487 (1982); *Danby v. Osteopathic Hosp. Ass'n of Delaware*, Del. Ch., 101 A.2d 308 (1953), *aff'd.*, Del.Supr., 104 A.2d 903 (1954); *Penn Mart Realty Co. v. Becker*, Del.Ch., 298 A.2d 349 (1972); *Delaware State Troopers Lodge No. 6 v. O'Rourke,*

Del.Ch., 403 A.2d 1109 (1979). *Rabkin v. Philip A. Hunt Chemical Corp.*, supra.

■ All well plead factual allegations must be accepted as true but legal conclusions and unsupported factual conclusions will not be deemed admitted. *Weinberger v. UOP, Inc.*, Del.Ch., 409 A.2d 1262 (1979), *rev'd. on other grounds*, Del.Supr., 457 A.2d 701 (1983).

Because all inferences in the allegations in a complaint must be construed in favor of the plaintiffs, and because each suit is unique, complaints asserting a claim of unfair dealing as to a tender offer or freeze-out merger must be read carefully to determine if an appraisal will provide an adequate remedy if the claims prove to be true. Great care must be taken not to unjustifiably relegate objecting stockholders to an appraisal proceeding because to do so might have the result of precluding the imposition of an adequate remedy for serious breaches of fiduciary duty.

■ The allegations of overreaching by the defendants are set forth in detail in *Joseph v. Shell Oil Co.*, Del.Ch., 482 A.2d 335 (1984). These allegations are sufficient to raise a reasonable doubt that an appraisal proceeding under 8 *Del.C.* § 262 will give the shareholders of Shell an adequate remedy to address what seems to have been unfair dealing. This is especially so in view of the fact that the burden of persuasion to show the entire fairness of the transaction is on the defendants, no negotiations as to price occurred, no vote of the shareholders or directors of Shell will ever occur, there is no guarantee that the short-form merger will ever take place, and even if it does, only less than 10% of the Shell shareholders will be entitled to an appraisal. I, therefore, cannot find from the present record that it appears with a reasonable certainty that an appraisal pursuant to 8 *Del.C.* § 262 will grant plaintiffs an adequate remedy.

Quite candidly, this result presents procedural problems. Obviously some of the issues in the trial now set for March, especially as to value, will be the same as the issues which would ordinarily arise in an appraisal proceeding and it might be better to address questions of value in an appraisal context. I cannot, however, on the present record, with its unusual factual circumstances, deny the plaintiffs their right to seek what might be their only adequate remedy to redress what may be grievious breaches of fiduciary duty by some of the defendants. The motion to dismiss for failure to state a claim upon which relief can be granted, therefore, must be denied.

## THE MOTION TO STAY AND THE MOTION TO CONSOLIDATE

### IV

The Joseph plaintiffs seek a stay of the *van der Woude* action. Mr. van der Woude now seeks consolidation of his action with the other previously filed actions.

Mr. van der Woude asserts that there exists a conflict between the interests of the tendering and non-tendering shareholders. He claims the non-tendering stockholders are unrepresented because the Joseph plaintiffs represent only tendering shareholders. Mr. van der Woude and his attorneys would like to plug this perceived gap and to represent those shareholders who did not tender their shares.

The Joseph plaintiffs claim that consolidation of the actions would lead to unnecessary delay and expenses. They claim that all the stockholders are adequately represented in the proposed class by the present plaintiffs and their attorneys.

### V

■ A court may stay or dismiss an action when there is a prior pending action if there exists an identity of parties and issues between the two actions. WRIGHT & MILLER, *Federal Practice and Procedure:* Civil § 1360. This serves to promote judicial efficiency and to avoid conflicting opinions which can occur if multiple cases are allowed to go forward separately

where there are common controlling issues. *Id.*

■ The United States Supreme Court addressed the staying of actions in *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936). It held that the power to stay was incident to the inherent power of a court to exercise its discretion to control the disposition of actions on its docket in order to promote economies of time and effort for the court, litigants, and counsel. See also *General Foods Corp. v. Cyro-Maid, Inc.*, Del.Supr., 198 A.2d 681 (1964).

■ In *Landis*, supra, it was further stated that where there is a possibility of damage to the parties resulting from the stay of the proceeding the party requesting the stay must show that hardship or inequity would result absent the stay. See also *Pestolite, Inc. v. Cordura Corp.*, Del.Super., 456 A.2d 1235 (1982). The Court in *Landis*, supra, reinforced this by stating, "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." 299 U.S., at 255, 57 S.Ct. at 166. According to the Supreme Court, however, the foregoing precepts are meant to counsel moderation and are not set up as limits to the power to stay actions. The reasons for reluctance in staying actions are less valid, obviously, in class action suits. The purpose of a class action is to adjudicate the individual claims of many in one proceeding. WRIGHT & MILLER, supra § 1360. The very nature of a class action precludes each claimant from maintaining a separate suit. WRIGHT & MILLER, supra § 1751, § 1789.

■ Where there are common questions of law or fact cases may be consolidated. Chancery Court Rule 42(a). WRIGHT & MILLER, at § 2382, describes three methods courts use to effectuate a consolidation of cases. One method is to stay all but one case—the decision in which will be conclusive as to the others. Another form allows the cases to be tried together, but they remain separate and a separate judgment is entered in each case. The last form of consolidation has already been used in the *Joseph* case; it involves the joining together of all the cases which then lose their separate identity. Plaintiff van der Woude now seeks to be joined with the already consolidated case. In determining whether to consolidate actions the Court must employ its discretion to weigh the possible saving of time and effort that consolidation would bring against any inconvenience, delay, or expense which it could occasion. WRIGHT & MILLER, § 2383.

## VI

As can be seen from the above, the considerations to be weighed on a motion to stay or on a motion to consolidate are similar. Because the motion to stay and the motion to consolidate in this case are interrelated they will be discussed and decided together.

Van der Woude asserts in his action that there have been breaches of fiduciary duty that render improper the proposed use of a short-form merger procedure, thus allowing defendants to by-pass the Board of Shell and precluding a vote by the remaining shareholders of Shell.

The Joseph plaintiffs claim that their suit asserts precisely the same thing, in addition to their claims of misrepresentation and omissions in the tender offering statement. They claim there is, therefore, an identity of issues between the *van der Woude* and the *Joseph* actions.

The Joseph plaintiffs have moved for class certification and briefing is going forward on that motion. The Joseph plaintiffs seek a class which will include both tendering and non-tendering shareholders. Thus, Mr. van der Woude and his proposed class of non-tendering shareholders would be included within the class sought by the Joseph plaintiffs. There is, therefore, an identity of parties between the *van der Woude* and the *Joseph* actions.

I find from an examination of the several complaints that the issues sought to be raised and the parties sought to be represented in the *van der Woude* action are all included within the *Joseph* action. It would therefore be possible to stay the later filed *van der Woude* action provided that no injury will be caused to van der Woude by such stay which is not overridden by the greater interests of the Joseph plaintiffs or others.

## VII

It is also claimed by van der Woude that the economic interests of tendering shareholders may conflict with those of non-tendering shareholders. This claim is unpersuasive, however, because there are several plaintiffs in the *Joseph* action who never tendered any shares. At least one of these is represented by counsel who does not represent any plaintiff who has tendered shares.

Mr. van der Woude's representation of non-tendering class members is therefore not necessary. As a consequence of the separate representation of one non-tendering shareholder I can assume that the interests of both tendering and non-tendering shareholders will be adequately represented and any conflict between those interests will not be allowed to injure either subclass.

## VIII

The chief argument for staying or dismissing the *van der Woude* action rather than consolidating it with the *Joseph* action is the delay and additional expense that consolidation would cause. While the van der Woude counsel assure the Court that their intervention would not delay or complicate the trial of this case, I am not so convinced. The actions taken by the van der Woude counsel in seeking certain expedited actions when that case was filed, although not improper, show a different approach to litigation than that displayed by counsel in the *Joseph* action. I am convinced that regardless of the intentions of the counsel in the *van der Woude* suit, conflicts, delays, and additional costs of litigation would inevitably result if the *van der Woude* case is permitted to proceed at this time.

Ordinarily one plaintiff should not be required to sit back while another plaintiff decides his rights. The *Joseph* action, however, is a class action suit. A generally accepted premise for allowing class action suits is that they allow for the disposal of the claims of numerous plaintiffs in but one suit. I am convinced—at least for now—that as long as there is a non-tendering shareholder with separate counsel among the Joseph plaintiffs, Mr. van der Woude's interests (as a non-tendering shareholder) will be protected as fervently as any other non-tendering shareholder.

Mr. van der Woude, moreover, did not bring his suit until some six or seven months after the actions consolidated into the *Joseph* action were brought. A preliminary injunction had already been granted. There was, therefore, no danger that the proposed short-form merger would be precipitously consummated.

■ The Joseph plaintiffs and the defendants, on the other hand, have sought to have the matter carried forth in as expedited a manner as is possible. Discovery will soon be completed. Trial is set to commence in a few weeks. It would be inefficient and a waste to add a new named plaintiff and new attorneys to the action at this late date. Because there has been no showing of a possibility of any true hardship accruing to Mr. van der Woude if his action is stayed rather than consolidated into the *Joseph* action the motion to stay will be granted and the motion to consolidate will be denied.

## IX

Plaintiff van der Woude will, however, be granted limited intervention in the *Joseph* action if he so wishes.

■ By July 13, 1984 order, this Court granted limited intervention to the Shell Oil

Shareholders Committee, Inc. and three shareholders. Mr. van der Woude, like these other intervenors, is adequately represented by the present plaintiffs in the *Joseph* action and so would have no right of intervention under Chancery Court Rule 23. Permissive intervention under Rule 24(b) will, however, be granted.

The limited intervention granted herein will be conditioned just as was the prior intervention. The intervenor may not delay the litigation and he may not interfere with the conduct of the litigation by the original plaintiffs.

## ON DEFENDANT SHELL OIL CO.'S MOTIONS TO DISMISS

### X

Defendant Shell has moved to dismiss for failure to state a claim in both the *van der Woude* and the *Joseph* actions. Shell argues that nowhere in the complaints is any wrongdoing alleged to have been perpetrated by it. Plaintiffs in both actions argue that Shell is an indispensable party without whom no adequate remedy can be fashioned.

Since the *van der Woude* action is being stayed it is not necessary to consider, at this time, Shell's motion in regards to that case. Both motions, however, do raise the same arguments and a decision on the motion in the *van der Woude* action would be the same as the decision in the *Joseph* action.

Chancery Court Rule 19 requires joinder of parties in whose absence complete relief cannot be accorded among the other parties.

■ In equity, "The rule is that all persons materially interested should be parties to the suit, ... so that the Court may determine the rights of all the persons interested in the subject matter of the suit, and make a complete decree." *Farmers' & Mechanics' Bank v. Polk, et al.*, 1 Del.Ch. 167 (1821), at 174. See also *Subers v. Continental Securities Co.*, Del.Ch., 111 A. 433 (1920). A necessary party should have not only an interest in some part of the controversy but the interest must be such that a final decree cannot be made which will neither touch upon that party's interest nor leave the controversy in such a state that the final determination would be inconsistent with equity and good conscience. *Elster v. American Airlines, Inc.*, Del.Ch., 106 A.2d 202 (1954), quoting *Shields v. Barrow*, 17 How. (58 U.S.) 129, 15 L.Ed. 158 (1854).

■ It has been held that a merger may not be enjoined unless both corporate parties to the merger are before the Court. *Sawyer v. Pioneer Mill Company, Ltd.*, 9th Cir., 300 F.2d 200 (1962), *cert. denied*, 371 U.S. 814, 83 S.Ct. 24, 9 L.Ed.2d 55 (1962).

■ Plaintiffs have requested, among other things, that the proposed short-form merger between Royal Dutch and Shell be permanently enjoined. Shell is controlled by Royal Dutch and if the findings at trial so warrant, it will be important for Shell to be before this Court when a remedy is fashioned. It is therefore desirable that Shell remain a party-defendant although no wrongdoing has been alleged against it. Shell's participation in the trial may be limited, however, if it so desires.

SPNV's motion to dismiss is denied. Joseph's motion to stay is granted. Van der Woude's motion to consolidate his action [No. 7699] with No. 7450 is denied, but van der Woude is granted limited intervention into No. 7450. Shell's motions to dismiss are denied. IT IS SO ORDERED.