COURT OF CHANCERY
OF THE

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

July 30, 2015

Thomas E. Noble
SBI 00115211
JTVCC
1181 Paddock Road
Smyrna, DE 19977

Ryan P. Connell, Esquire
State of Delaware
Department of Justice
Carvel State Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

RE:  *Thomas E. Noble v. Gov. Jack Markell, et. al.*
     C.A. No. 10072-MA

Dear Parties:

Pending before me is a Motion to Disqualify and a Motion to Stay Order filed *pro se* by an inmate, Thomas E. Noble. For the reasons that follow, both motions are denied.

On March 6, 2015, I issued a final report recommending the revocation of Mr. Noble's *in forma pauperis status* upon the motion filed by Defendant Warden David Pierce, which had informed the Court of Mr. Noble's prior history of filing

*pro se* frivolous lawsuits under different names in the federal courts of Pennsylvania and Delaware.[1] On March 19, 2015, the copy of my final report that had been mailed to Mr. Noble was returned to the Court by the United States Post Office because Mr. Noble had been transferred to a different institution and had failed to notify the Court of his new address. The final report was resent to Mr. Noble's new address on March 19th, but on that date, the Court received a letter from Mr. Noble dated March 9, 2015, attached to which was a "multi-layered motion" seeking to disqualify me for conflict of interest and bias, requesting the provision of certain documents Mr. Noble had previously filed, and the entry of default judgment against all the defendants who had failed to answer Mr. Noble's complaint.[2] Thereafter, on April 1, 2015, Mr. Noble filed a motion to stay the order, i.e., my final report, until after his documents had been returned to him and an impartial judicial officer was appointed to adjudicate his motion to disqualify me.[3]

Mr. Noble seeks my disqualification because I allegedly: (a) failed to provide him with copies of his amended complaint and other *pro se* documents, forcing him to proceed solely by memory; (2) allowed his case to "just sit gathering dust, so to speak, while effectively obstructing the service of [Mr.

---

[1] Docket Item (hereinafter "DI") 32.
[2] DI 52 & 53.
[3] DI 54.

Noble's] amended complaint[;]" and (3) have been influenced by "behind-the-scenes communications" with Defendant Pierce's attorney.[4]    The so-called "behind-the-scenes communications refers to a cover letter to the Court filed on October 15, 2014,[5] which enclosed courtesy copies of Defendant Pierce's Motion to Revoke In Forma Pauperis Status and Response to Motions for Preliminary Relief.    The attorney sent a copy of this letter to Mr. Noble, but without the enclosures that already had been e-filed on October 14th.[6]    Mr. Noble found this omission to be unethical behavior on the attorney's part and, apparently, mine as well.[7]

---

[4] DI 53.

[5] DI 34.

[6] DI 32 & 33.

[7] In a letter to the Court dated October 19, 2014, Mr. Noble stated the following in a postscript:

> After closing this short letter I happened to notice at the bottom of Mr. Perkins' letter 10-15-14 to you, "cc: Thomas E Noble (SBI #115211) (w/out enclosures)."  To me that gives the appearance of him trying to keep me from knowing what it was; to wit: "(w/out enclosures)", as though he was up to something he couldn't be "above-board" about, perhaps even trying to impugn Your Honor's integrity by soliciting you to do something unethical.
>
> Further, I believe court rules say in so many words that opposing side's counsel must serve me a copy of everything included with what was sent for filing; otherwise what Mr. Perkins sent for filing is to be deemed to not have been filed in the first instance, for failure to perfect serve.
>
> And, when taken together in the context of the unethical misconduct Mr. Perkins blatantly felt safe to openly manifest on the record of the Court – pointed out by me in my herewith reply and answer (including many examples of prevarication, deception, and even trying to abet violations of prison rules)], I would put nothing past a man so devoid of character.  And I implore you respectfully to not allow him to insult Your Honor like that.

Mr. Noble's motion to disqualify is governed by Rule 2.11(A) of the Code of Judicial Conduct, which states:

> (A) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
> > (1) The judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding ….[8]

Judicial impartiality is fundamental to due process.[9] As a result, the standards governing judicial conduct require both actual impartiality as well as the appearance of impartiality.[10] If there is a claim that the judge is personally biased or prejudiced concerning a party, a judge must engage in a two-part analysis. First, the judge must, "as a matter of subjective belief, be satisfied that he can proceed to

---

Especially as to how, if the [] is appealed, the justices of the Del. Supreme Court might deem it if the Court of Chancery starts allowing State lawyers to disregard some of its rules and raises questions about impartiality.

Accordingly, I am respectfully asking you to construe this as a motion to strike from the record everything filed by Mr. Perkins, and to reprimand him with a warning to not again try to approach the Court in a clandestine manner.

I note too that not only is he a professional lawyer [bound by the code of ethics for lawyers], who should have known better than to pull a stunt like that, but also he has no legitimate excuse for not serving me a complete set copy of all case related documents, for, unlike me, the State will mail out everything for him "at State expense."

"For your eyes only" messages engaged in the manner of C.I.A. espionage is improper in a court of equity; highly improper at the current vulnerable state of proceedings.

DI 36.

[8] Del. Judge's Code of Judicial Conduct § 2.11.

[9] *Los v. Los*, 595 A.2d 381, 383 (Del. 1991).

hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality."[11]

As a subjective matter, I have no bias or prejudice against Mr. Noble, and believe that I will judge impartially. Furthermore, none of Mr. Noble's conclusory accusations establish bias, prejudice or a conflict of interest as a matter of law. Every litigant is understandably anxious to have his or her case resolved quickly, but Mr. Noble's complaint is just one of many complaints and civil miscellaneous matters on my docket. In addition, delays in this case have been caused, in part, by Mr. Noble's transfers to different institutions and his numerous *pro se* filings, which have had to be reviewed and addressed. Furthermore, although Mr. Noble has made many demands on the Court to provide him with copies of his *pro se* filings, there is no requirement that the Court provide Mr. Noble with copies of his own filings when he has the opportunity to make copies himself. According to the affidavit of Michael Little, the Legal Services Administrator at the James T. Vaughn Correctional Center where Mr. Noble was initially housed, indigent inmates are permitted to acquire pens, papers and other supplies necessary to access the courts, without paying for them first, while notary services and

---

[10] *Id.* at 383-384 (citing *Ungar v. Sarafite*, 376 U.S. 575, 588 (1964)).

photocopying are provided to inmates free of charge.[12] Finally, Mr. Noble's claim that I have been influenced by "behind-the-scenes" communications with the attorney representing Defendant Pierce is entirely without foundation. Mr. Noble has simply misconstrued the longstanding practice of sending courtesy copies of documents filed in the Court directly to judges' chambers. Since those same documents had already been filed in the Court, there was no need for the attorney to have duplicated service of those documents on Mr. Noble with the copy of the October 15th cover letter to me.

I am satisfied that I am, in fact, unbiased and that these proceedings are impartial and will also appear impartial. Therefore, I recommend that the Court deny Mr. Noble's motion for disqualification.

Mr. Noble is asking the Court to grant a stay of the order revoking his *in forma pauperis* status. The Court's authority to grant a stay is part of its inherent power to exercise discretion in controlling the disposition of actions on its docket "in order to promote economies of time and effort for the court, litigants, and counsel."[13] The Court exercises its discretion only upon a "clear showing by the moving party of hardship or inequity so great as to overbalance all possible

---

[11] *Id.* at 384-385.

[12] Affidavit of Michael Little, at ¶ 4. Exhibit A, Response to Motions for Preliminary Relief. DI 33.

[13] *Spiro v. Vions Technology Inc.,* 2014 WL 1245032, at *11 (Del. Ch. Mar. 24, 2014) (quoting *Joseph v. Shell Oil Co.,* 498 A.2d 1117, 1123 (Del. Ch. 1985)).

inconvenience or delay to his opponent."[14]   Mr. Noble's application for a stay should be denied because he has failed to show any hardship or inequity.   His justification for a stay – until the return of legal documents that were seized from him – is now moot because his legal documents have been returned to him by Defendant Pierce.[15]   He also wants the order stayed until an impartial judicial officer is appointed to adjudicate the above motion to disqualify me, but only the judicial officer whose impartiality is being challenged can address the motion to disqualify in the first instance.   It would be a hardship for the defendants and inequitable if the Court stayed these proceedings for what amounts to mere delaying tactics by Mr. Noble.   The record is clear that Mr. Noble has a history of filing frivolous complaints, and he should never have been approved for *in forma pauperis* status in the first place.[16]   Therefore, I recommend that the Court deny his motion to stay.

---

[14] *Id.* (quoting *Lanova Corp. v. Atlas Imperial Diesel Engine Co.*, 64 A.2d 419, 420 (Del. Super. 1949)).

[15] The record includes a letter dated March 31, 2015, from Mr. Noble and filed on April 8, 2015, enclosing a letter to Nancy Piersall, thanking her for her efforts in getting Defendant Pierce to return "at least most of [Mr. Noble's] case-related materials and other non-contraband property."  DI 56.

[16] In denying Mr. Noble's application to proceed *in forma pauperis* in an unrelated proceeding, the Superior Court questioned Mr. Noble's candor where the sworn affidavit regarding his ability to pay appeared in direct conflict with his previous representations that he has a substantial asset, i.e., a house.  *See Noble v. Pierce*, C.A. No. N14M-10-020 DCS, (Del Super.) (Order).  DI 2.

I am waiving a draft report and issuing this recommendation as my final report. I refer the parties to Court of Chancery Rule 144 for the process of taking exception to a Master's Final Report.

Sincerely,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz