**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

**VIVIAN L. MEDINILLA**
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

March 20, 2024

Richard Rollo, Esquire
Travis S. Hunter, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Shaun Michael Kelly, Esquire
Lauren P. DeLuca, Esquire
Connolly Gallagher LLP
1202 North Market Street
Wilmington, DE 19801

**Re:** *Jonathan D. Logan v. Loco Florida, LLC et al.,*
<u>C.A. No. N23C-10-208 VLM CCLD</u>

Dear Counsel,

This is the Court's ruling on the Intervenor's Motion to Dismiss or Stay. Having considered the parties' full briefing and for the reasons set forth below, the Intervenor's Motion to Stay is **GRANTED** in favor of the Florida Action.

## I. BACKGROUND[1]

---

[1] The facts are drawn from the Complaint, and the documents it incorporates by reference. The Court also refers to the allegations from public filings in the pending Florida litigation between the parties, *Jonathan D. Logan et al. v. Janice Logan et al.*, 2023-CA-1002-NC (Fl. Cir. Ct.) and *Janice Logan v. Jonathan Logan et al.*, 2023-CA-1280-NC (Fl. Cir. Ct.) (consolidated into the 1002 Action). DRE 202(d)(1)(C) permits judicial notice of "the records of the court in which the action is pending and of any other court of this State or federal court sitting in or for this State…." The Court may take judicial notice of court filings "for certain limited purposes, such as to understand the nature and grounds for rulings" made by the court in which the documents were filed." *In re Rural Metro Corp. S'holders Litig.,* 2013 WL 6634009, at *9 (Del. Ch. Dec. 17, 2013). It may not, however, take judicial notice of such filings for the truth of their contents. *Id.*

On October 23, 2023, Plaintiff Jonathan D. Logan initiated this action by filing a Complaint against Defendants Loco Florida, LLC ("Loco") and Smart Communications Yacht Holding, LLC ("Yacht"), seeking declarations that he is the sole member and manager of Loco and Yacht, and that both were validly converted into Delaware entities.[2]

Loco and Yacht were allegedly formed as Florida limited liability companies in 2020 and March 2022, respectively.[3] Loco owns assets that include a warehouse in Seminole, Florida, which was purchased for approximately $1.1 million.[4] Yacht owns assets that include a 100' Riva Cosaro, which was purchased for approximately $10 million.[5]

In 2021, Jonathan's father, James Logan, formed the James Logan Family Trust (the "Trust").[6] He and his wife, Janice Logan, the Intervenor in this action, were the Co-Trustees.[7] In September 2022, James purportedly transferred his member interests in Loco and Yacht to the Trust.[8] James died nearly one month later.[9]

---

[2] Complaint for Declaratory Judgment ("Compl.").
[3] *Id.* ¶¶ 1, 2.
[4] *Id.* ¶ 1.
[5] *Id.* ¶ 4.
[6] *Id.*
[7] *Id.*
[8] *Id.* ¶¶ 4, 11. The Court utilizes the parties' first names for ease of reference only.
[9] *Id.*

**A. The Florida Action**

On February 27, 2023, Jonathan and Smart Communications Holding, Inc. ("SCH") filed a complaint in the Circuit Court of the 12th Judicial Circuit in Sarasota County, Florida Probate Division (Florida Court) against Janice and Janice's daughter, asserting claims for breach of trust and seeking declarations relating to the capacity in which claims may be pursued, and the effect of SCH's purported shareholders' agreement.[10]   Shortly thereafter, Janice filed her original complaint on behalf of the Trust, and directly and derivatively on behalf of SCH and Loco in the Florida Court against Jonathan, SCH, and Loco.[11]   She amended that complaint in August 2023,[12] to include allegations that are particularly alarming.[13]

The amended complaint in Florida consists of five counts.  Count I seeks declarations concerning the validity of the purported shareholders' agreement of

---

[10] *Id*. ¶ 4, n.1; Intervenor's Opening Brief in Support of Her Motion to Dismiss or Stay (the "Motion"), Ex. 4. (*Jonathan D. Logan, et al. v. Janice Logan, et al.*, 2023-CA-1002-NC (Fl. Cir. Ct.)).

[11] *See* Motion, Ex. 10.

[12] *Id*., Ex. 5A.

[13] *See, e.g.*, *id.* "Jon was convicted of Felony Aggravated Stalking in 2008 for harassing and intimidating a business associate and the associate's wife with whom Jon worked on a car dealership venture" (¶ 17); "Jon held James and Janice at gunpoint, hit his father's face, and demanded that James transfer his shares to Jon.  He also smacked the phone out of his mother's hand when she tried to call 911" (¶ 32); "he vandalized his mother's car" (¶ 33); "On Saturday, August 14, 2021 at 11:24 AM, Jon sent an email to his parents from his Smart Communications email address, threatening to 'Burn your [expletive] house down'" (¶ 34); "He warned his father 'Don't test me'; 'I really hope you fix yourself because you will be dead soon'; and, 'I have zero patience left for you and I am not one to [expletive] with on what I created with sheer willpower and brains. If you, or Janice or Alexis try and take anymore from me, I am prepared to do things the normal human could never fathom'" (¶ 40).

SCH; Count II is a claim for director liability; Counts III and V are direct and derivative claims for breach of fiduciary duty; and Count IV seeks to appoint a temporary custodian of SCH. Count III further relates to Yacht's assets, which Janice alleges Jonathan improperly purchased with SCH's funds.[14] The Court consolidated these actions (together, the "Florida Action").

On July 20, 2023, the Florida Court considered Janice's motion for a temporary injunction, seeking, in part, an order finding that Janice had a substantial likelihood of success on the merits of her claims.[15] The Florida Court granted that motion.[16] After that ruling, Jonathan submitted articles of conversion to the Secretary of State of the State of Florida, converting Yacht and Loco into Delaware entities.[17] Jonathan then moved to dismiss counts II-V of Janice's amended complaint,[18] which the Florida Court denied.[19]

Because of the conversions and Jonathan's creation of a new Delaware entity (*i.e.*, Smart Communications Holding, LLC ("SCH LLC")), Janice again sought relief from the Florida Court and filed a motion for contempt of the temporary

---

[14] Motion at II.A. The Motion omitted page numbers, so the Court refers to the section headings.
[15] *Id*., Ex. 10.
[16] *Id*., Ex. 6.
[17] Compl. ¶ 23; *id*., Ex. C.
[18] Motion, Ex. 8.
[19] *Id*. Ex. 9.

4

injunction order and a request to appoint a temporary custodian.[20]   After the hearing, the parties, including SCH LLC, agreed to additional injunctive relief.[21]

On January 31, 2024, the Florida Court, in Phase 1 of its proceedings, concluded a three-day trial to resolve Count II, declaring SCH's shareholders' agreement invalid and unenforceable.[22]   The Florida Court also found that Janice owned 50% of the shares of SCH.[23]   The Florida Court is expected to address the remaining counts in Phase II after the parties attend mediation.[24]

**B. This Action**

On October 23, 2023, during the pendency of the Florida Action and approximately one week after the Florida Court denied his Motion to Dismiss therein, Jonathan filed his Complaint in this Court.   Specifically, he seeks declarations under 10 *Del. C.* § 6501, and 6 *Del. C.* § 18-110[25] that he is the sole

---

[20] Motion Section IV; *id*., Ex. 15.
[21] Intervenor's Rely Brief in Support of Her Motion to Dismiss or Stay ("Reply"), Ex. 2.
[22] Reply, Ex. 4 at 2.
[23] *Id*.
[24] Reply at 3.
[25] Jonathan invokes 6 *Del C.* § 18-110, but that statute confers jurisdiction to the Court of Chancery, not this Court.  *See* 6 *Del. C.* § 18-110 ("(a) Upon application of any member or manager, the Court of Chancery may hear and determine the validity of any admission, election, appointment, removal or resignation of a manager of a limited liability company, and the right of any person to become or continue to be a manager of a limited liability company, and, in case the right to serve as a manager is claimed by more than 1 person, may determine the person or persons entitled to serve as managers; and to that end make such order or decree in any such case as may be just and proper, with power to enforce the production of any books, papers and records of the limited liability company relating to the issue.").

5

member and manager of Loco and Yacht, and that Loco and Yacht were validly converted to Delaware limited liability companies. The Complaint's only reference to the ongoing Florida litigation described above was confined to a single-sentence footnote.[26] Jonathan's subsequently filed Motion for Summary Judgment on November 16, 2023, provided few additional details.[27]

In response, Janice filed an unopposed motion to intervene, as well as her Intervenor's Motion to Dismiss or Stay (the "Motion").[28] The parties submitted competing schedules on whether to first resolve the Motion for Summary Judgment or this Motion. The Court held a status conference on December 19, 2023, granted the Motion to Intervene, and determined this Motion would be considered first due to the potential forum-related issues presented at first blush.[29] With full briefing submitted, this matter is ripe for decision.

## II. DISCUSSION

Under *McWane*'s three-factor test, the Court may dismiss or stay in favor of a previously filed action if there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, and involving the same parties and

---

[26] Compl. ¶ 4, n.1. ("There is pending probate litigation in Florida between Jon and the Trust, but it does not involve the declarations requested here. Jon will promptly provide the Trust a copy of this complaint.").
[27] Plaintiff Jonathan Logan's Motion for Summary Judgment (D.I. 2).
[28] D.I. 9; D.I. 10.
[29] D.I. 13.

the same issues.[30] "[I]t is preferable to merely stay the later-filed action because it is impossible to predict with certainty the course of earlier-filed litigation in another jurisdiction."[31] The authority to grant a stay is "incident to the inherent power of a court to exercise its discretion to control the disposition of actions on its docket in order to promote economies of time and effort for the court, litigants, and counsel."[32]

### A. The Delaware Action is Stayed under *McWane*

Jonathan filed his complaint in the Florida Action in February 2023 and Janice filed her amended complaint in August 2023. This action commenced in October 2023. Thus, the Florida Action is the prior-filed action.

The Florida Court has already proven its ability to provide prompt and complete justice. It has held several evidentiary hearings, entered injunctive relief, and heard predicate Florida-related governance issues that implicate Loco and Yacht, which prior to their conversions, were Florida entities. It has also considered and added, to a status quo order, the Delaware entity (SCH LLC), which was formed during the Florida litigation.

The Florida Action involves functionally the same parties and issues

---

[30] *LG Electronics, Inc. v. InterDigital Commc'ns, Inc.*, 114 A.3d 1246, 1252 (Del. 2015) (citing *McWane Cast Iron Pipe Corp. v. McDowell–Wellman Eng'g Co.,* 263 A.2d 281, 283 (Del. 1970).
[31] *Schnell v. Porta Sys. Corp.*, 1994 WL 148276, at *6 (Del. Ch. Apr. 12, 1994*); EnVen Energy Corp. v. Dunwoody*, 2020 WL 2770609, at *5 (Del. Ch. May 28, 2020).
[32] *Joseph v. Shell Oil Co.,* 498 A.2d 1117, 1123 (Del. Ch. 1985).

presented before this Court. "Consistent with the *McWane* doctrine generally, the 'same parties, same issues' analysis focuses on substance over form."[33] The Court looks for "substantial or functional identity" between the competing action.[34] Whether two cases raise the same issues is based on whether the claims "are closely related and arise out of the same common nucleus of operative facts."[35]

Here, Loco is a party to both actions. And although Yacht is not a party to the Florida Action, SCH, which is a party, allegedly purchased and maintains Yacht's assets. Thus, the 100' Riva Cosaro, Yacht's primary asset, may also be subject to relief from the claims of fiduciary duty and waste brought in the Florida Action. Accordingly, substantial or functional identity exists between the competing actions. Furthermore, the issues in both proceedings also arise from a common nucleus of operative facts, that is, Jonathan and Janice's rights in SCH and their related entities, including Loco and Yacht, as well as Jonathan's actions with respect to those entities.

Jonathan's opposition is unpersuasive. He argues that the Delaware Action only seeks narrow declarations regarding membership status in Loco and Yacht, and

---

[33] *Zurich Am. Ins. Co. v. Sterigenics U.S., LLC*, 2024 WL 324094, at *6 (Del. Super. Ct. Jan. 26, 2024) (citation omitted).

[34] *Id*.

[35] *EnVen Energy Corp.*, 2020 WL 2770609, at *5 (citing *EuroCapital Advisors, LLC v. Colburn*, 2008 WL 401352, at *2 (Del. Ch. Feb. 14, 2008) (quoting *Dura Pharms., Inc. v. Scandipharm, Inc.*, 713 A.2d 925, 930 (Del. Ch. 1998))).

on that basis, the propriety of their conversions into Delaware entities. But in the Florida Action, Janice has brought derivative claims against Loco, and may only do so if she is a member thereof. The analysis and interpretation of Florida law as to Loco will similarly apply to Yacht. Thus, Janice's claims in the Florida action closely relate to the declarations sought in this action. Lastly, the resolution of the claims regarding the actions taken by Jonathan at SCH may moot the requested declarations as to Yacht.[36]

For these reasons, the Delaware Action is stayed under *McWane*.

### B. Inherent Discretion to Control Court Docket Weighs in Favor of a Stay

Aside from this Court's consideration of the *McWane* factors, Jonathan's litigation conduct raises a host of jurisdictional concerns. Although Jonathan argues that he merely seeks declarations regarding questions of Delaware internal affairs, any jurisdictional analysis requires consideration of the actions he took after the Florida Action was well underway. Further, Jonathan's contention that his Complaint presents narrow issues of Delaware governance is further belied by the fact that he asks this Court to interpret Florida law. Yet, the only basis that allows him to seek relief here is dependent upon the purported conversion of Florida

---

[36] *See* Reply at 5.

entities, the validity of which may be *void ab initio* if Janice—who has already shown a substantial likelihood of success—prevails on her claims in the Florida Action.

Given the alarming nature of the allegations in the Florida Action against Jonathan, the Court is loath to insert itself in a dispute that has involved significant motions practice, evidentiary hearings, and injunctive relief.[37] The parties' more than year-long dispute in the Florida Court also implicates claims of fiduciary duty and director liability—issues beyond the subject matter jurisdiction of this Court. Namely, one claim in the Florida is a derivative claim on behalf of Loco, and others are direct and derivative breach of fiduciary duty claims against Jonathan regarding Yacht's assets.[38] Seeking declaratory relief at this stage is, therefore, premature and presents the risk of inconsistent rulings between the two actions.[39] Principles of comity and judicial efficiency weigh in favor of a stay pending the Florida Action.[40]

---

[37] In seeking summary judgment, this Court would have appreciated more transparency from Plaintiff's filings regarding the course of proceedings in the Florida Action.

[38] Motion at II.

[39] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.,* 263 A.2d 281, 283 (Del. 1970) (The Court should avoid "the wasteful duplication of time, effort, and expense that occurs when judges, lawyers, parties, and witnesses are simultaneously engaged in the adjudication of the same cause of action in two courts," as well as "the possibility of inconsistent and conflicting rulings and judgments and an unseemly race by each party to trial and judgment in the forum of its choice.").

[40] *Park G.P., Inc. v. CCSB Fin. Corp.,* 2020 WL 7706962, at *2 (Del. Ch. Dec. 29, 2020) (Citation omitted).

### III. CONCLUSION

For the foregoing reasons, whether under *McWane* or this Court's inherent discretion to control its docket, Intervenor's Motion to Stay is **GRANTED**, and this action is **STAYED** in favor of the Florida Action.

**IT IS SO ORDERED.**

Sincerely,
/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

11