# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, ex rel. KATHLEEN JENNINGS, Attorney General of the State of Delaware, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N20C-09-097-EMD-CCLD |
| BP AMERICA INC., BP P.L.C., CHEVRON CORPORATION, CHEVRON U.S.A. INC., HESS CORPORATION, CONOCOPHILLIPS COMPANY, MARATHON OIL CORPORATION, MARATHON OIL COMPANY, PHILLIPS 66, PHILLIPS 66 COMPANY, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, XTO ENERGY INC., MARATHON PETROLEUM CORPORATION, MARATHON PETROLEUM COMPANY LP, SPEEDWAY LLC, MURPHY OIL CORPORATION, MURPHY USA INC., SHELL PLC, SHELL USA, INC., CITGO PETROLEUM CORPORATION, TOTALENERGIES, SE, TOTALENERGIES MARKETING USA, OCCIDENTAL PETROLEUM CORPORATION, DEVON ENERGY CORPORATION, APACHE CORPORATION, CNX RESOURCES CORPORATION, CORE NATURAL RESOURCES, INC., OVINTIV, INC., and AMERICAN PETROLEUM INSTITUTE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO STAY THE PROCEEDINGS**

**UPON CONSIDERATION** of Defendants' Motion to Stay the Proceedings (the "Motion"); the State of Delaware's opposition to the Motion; Defendants' joint reply in further support of the Motion; and the Court's review of relevant authorities, the Court finds and holds as follows:

## FACTUAL BACKGROUND

1.      On September 10, 2020, the State of Delaware (the "State") initiated this action alleging four causes of action against Defendants relating to Defendants' purported contributions to the climate change crisis.[1]  The State asserted causes of action for: (i) negligent failure to warn; (ii) trespass; (iii) nuisance; and (iv) violations of the Delaware Consumer Fraud Act ("DCFA").[2]

2.      On May 18, 2023, Defendants moved to dismiss under Rules 12(b)(2) and 12(b)(6).[3]  On January 9, 2024, the Court denied the Rule 12(b)(2) motions in full, but granted the 12(b)(6) motions in part.[4]  The Court dismissed the State's original DCFA claims as time barred and held that the Clean Air Act ("CAA") preempted the State's common law tort claims to the extent they sought "damages for injuries resulting from out-of-state or global greenhouse emissions and interstate pollution."[5]

---

[1] *See* Complaint ("Compl.") (D.I. No. 1).
[2] *Id*. ¶¶ 234-80.
[3] *See generally* Defendants' Motions to Dismiss the Complaint (D.I. No. 259-73).
[4] *See* Civil Opinion (D.I. No. 370).
[5] *Id*. at 65.

3. On July 28, 2025, the State filed its First Amended Complaint ("FAC").[6] The FAC (i) added an additional cause of action for civil conspiracy against Defendants[7] and (ii) asserted a new DCFA claim.[8]

4. On September 26, 2025, the Defendants moved to dismiss the FAC on multiple grounds.[9] In its opposition to the Motion to Dismiss the FAC, the State did not challenge the Court's prior holding on CAA preemption. The parties now agree that the tort and conspiracy claims should be dismissed.[10] Accordingly, the only live claim in this dispute is the State's DCFA claim, which is premised on Defendants' conduct subsequent to July 2020.

5. On February 23, 2026, the United States Supreme Court granted certiorari in a similar climate change case, *Suncor Energy (U.S.A.) Inc., v. County Commissioners of Boulder County*.[11] In *Boulder*, the Supreme Court will be addressing the issue of whether federal law precludes state-law claims seeking relief for injuries allegedly caused by the effects of interstate and international greenhouse-gas omissions on the global climate.

6. On March 11, 2026, Defendants filed the instant Motion to Stay the Proceedings pending the Supreme Court's decision in *Boulder*.[12]

---

[6] *See* State of Delaware's First Amended Complaint ("Am. Compl.") (D.I. No. 491).
[7] *Id*. ¶¶ 362-70.
[8] *Id*. ¶¶ 371-81.
[9] *See* Defendants' Motions to Dismiss First Amended Complaint (D.I. No. 500, 507-34).
[10] *See* Defendants' Motion to Stay Proceedings ("Def. Mot.") (D.I. No. 610) at 4.
[11] *Suncor Energy (U.S.A.) Inc., et al. v. County Commissioners of Boulder County, et al.*, No. 25-170 (petition for a writ of certiorari granted) (U.S. Feb. 23, 2025).
[12] *See* Def. Mot. at 1.

7.    The power to stay proceedings is "incident to the inherent power of a court to exercise its discretion to control the disposition of actions on its docket in order to promote economies of time and effort for the court, litigants, and counsel."[14]  A stay is within the discretion of the trial court, "impelled by considerations of comity and the necessities of an orderly and efficient administration of justice."[15]

**PARTIES' CONTENTIONS**

8.    Defendants argue that a stay pending the Supreme Court's decision in *Boulder* is warranted pursuant to principles of judicial economy and avoiding inconsistent rulings.[16] Defendants maintain that the Supreme Court's decision in *Boulder* will either be dispositive or provide the Court and parties with helpful guidance as to the remaining DCFA claim.[17]

9.    Defendants further assert that a stay will not unduly prejudice the State as the State "primarily seeks monetary damages that may be awarded at any time."[18]  Defendants note that "a stay will not prevent the [State] from ultimately securing any compensation to which it is entitled should it prevail on the merits of its claims."

10.    The State argues that a stay pending the Supreme Court's decision in *Boulder* is unwarranted as "resolutions of the issues in *Boulder* will have zero effect" on the remaining

---

[13] The State cites to *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Commission* as the legal standard Delaware courts apply when deciding a motion to stay.  However, *Kirpat* is inapplicable. *Kirpat* concerns the standard to stay a *lower court's* decision *pending the appeal* of that decision.  That is entirely different from what the Defendants are asking the Court to do here – stay this matter pending a decision from the United States Supreme Court that would either be dispositive or provide helpful guidance on the resolution of this matter.  Accordingly, the Court declines to utilize *Kirpat* as the applicable standard for the Motion.

[14] *Joseph v. Shell Oil Co.,* 498 A.2d 1117, 1123 (Del. Ch. 1985).

[15] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[16] Def. Mot. at 2.

[17] *Id*. at 7-8.

[18] *Id*. at 2.

DCFA claim.[19] The State posits that *Boulder* will not have an effect on the DCFA claim "because the State is not seeking relief under the DCFA for climate harms caused by emissions, whether in-state, interstate, or international.[20]

11. The State further contends that it "will suffer substantial harm if the stay is granted."[21] The State notes that it is "charged with enforcing the DCFA" and has an interest in "swiftly stop[ing]" and punishing violations of the DCFA to protect Delaware consumers.[22] The State claims that "[a] year-plus stay in this case would flout the DCFA's explicit purpose and would unnecessarily delay the imposition of deterrents (civil penalties) and potential remedies (restitution) for Defendants' deceptive conduct."[23]

## DISCUSSION

12. The Court exercises its discretion and will stay this civil action.

13. As an initial matter, it is unclear whether the State's DCFA claim will fall within the scope of the Supreme Court's decision in *Boulder*. *Boulder* will deal with the issue of whether federal law precludes state-law claims seeking relief for injuries allegedly caused by the effects of interstate and international greenhouse-gas emissions on the global climate. The State maintains that it is not seeking relief under the DCFA for climate harms caused by emissions, whether in-state, interstate, or international. Rather, the State seeks damages for alleged misrepresentations (and similar acts) made in connection with the advertisement and sale of fossil fuels since July 2020. Accordingly, the Court recognizes the State's DCFA claim appears to fall outside of the scope of the issue to be addressed in *Boulder*.

---

[19] Plaintiff's Opposition to Defendants' Motion to Stay Proceedings ("Pl. Opp'n.") (D.I. No. 613) at 6.
[20] *Id.*
[21] *Id.* at 11.
[22] *Id.*
[23] *Id.*

5

14. However, the Court also comprehends that, at the present time, it is unclear how "far-reaching" the Supreme Court's decision will be. The Supreme Court may broadly interpret the phrase "injuries allegedly caused by the effects of interstate and international greenhouse-gas emissions on the global climate" to extend to state-law claims akin to fraud (such as the DCFA). If the Supreme Court does, the *Boulder* decision would be dispositive of this action. At a minimum, the Supreme Court's decision in *Boulder* will likely provide helpful guidance as to future determinations in this case. Therefore, the Court finds it prudent to wait for guidance through the *Boulder* decision. This course of action promotes judicial economy and eliminates the possibility of a conflicting decision with the Supreme Court.

15. Moreover, the Court finds that a stay of this action pending the Supreme Court's decision in *Boulder* will not unduly prejudice the State.

16. The State claims that it "will suffer substantial harm if the stay is granted."[24] In support, the State notes that the DCFA's purpose is to protect consumers "from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly within this State."[25] The State further posits that "[a] year-plus stay in this case would flout the DCFA's explicit purpose and would unnecessarily delay the imposition of deterrents (civil penalties) and potential remedies (restitution) for Defendants' deceptive conduct."[26]

17. The Court is empathetic to the State's position; however, the Court does not agree that a delay here will cause the State substantial harm. First, the fact that the DCFA's purpose might be "flout[ed]" by a stay, does not mean that the State will be prejudiced by a stay. Aside from citing to the purpose of the DCFA and stating that a stay would delay the imposition of civil

---

[24] Pl. Opp'n. at 11.
[25] *Id.*
[26] *Id.*

6

remedies, the State has failed to articulate how it will be prejudiced. The State seeks monetary damages and not injunctive relief—recognizing, of course, this Court could not provide such relief. This civil action, therefore, is about money damages. There is no evidence that Defendants will not be able to satisfy any monetary damage if the State prevails.

18.     Second, and assuming that *Boulder* is not dispositive, the State will be free to pursue its DCFA claim without limitation. In fact, a non-dispositive *Boulder* decision could provide the State with helpful guidance on how to effectively pursue its claim.

19.     Allowing this case to proceed while *Boulder* is pending could risk (i) an inconsistent decision with the Supreme Court and (ii) the wasting of judicial and party resources. To the contrary, a stay will (i) provide helpful guidance (at a minimum) to the parties and the Court through the Supreme Court's decision in *Boulder* and (ii) benefit judicial economy.

20.     Accordingly, the Motion is **GRANTED**.

**IT IS SO ORDERED**

June 8, 2026
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, President Judge

cc:     File&ServeXpress